IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
SEP 23 2004
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ESSO EXPLORATION AND PRODUCTION CHAD, INC. | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-04-2483 |
| v. | § § | |
| TAYLORS INTERNATIONAL SERVICES LTD., H.N.A. "SANDY" GOODMAN AND SHABBIR ALI, | § § § § | |
| Defendants. | § | |

**MOTION OF H.N.A. "SANDY" GOODMAN AND SHABBIR ALI TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY**

Defendants H.N.A. "Sandy" Goodman and Shabbir Ali (together, the "Individual Defendants") move this Court as follows:

1. To dismiss the action for lack of jurisdiction over the person of the Individual Defendants, pursuant to Fed. R. Civ. P. 12(b)(2), on the ground that the Individual Defendants do not have sufficient contacts with Texas such that exercise of jurisdiction would comport with Due Process.

2. To dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that (1) the Amended Complaint improperly seeks to hold the Individual Defendants, as corporate officers, liable under a contract of the corporation to which the Individual Defendants did not assent to be bound; (2) the Amended Complaint

HOU.2357999.1

seeks to enforce a contract of indemnity against one not a signatory to that contract, in violation of the Statute of Frauds; and (3) the Amended Complaint seeks to enforce a purported contract for indemnification, and the facts alleged do not give rise to any duty to indemnify under the contract.

3. To dismiss the action, pursuant to 9 U.S.C. § 3, on the ground that the claims against the Individual Defendants are referable to arbitration under an agreement in writing for such arbitration under a theory of equitable estoppel.

4. To stay the action, pursuant to 9 U.S.C. § 3, on the ground that the claims against codefendant Taylors International Services Limited are issues referable to arbitration under an agreement in writing for such arbitration, and the claims against the Individual Defendants are dependent upon such agreement.

5. To transfer the action in the interest of convenience, pursuant to 28 U.S.C. § 1404(a), to the Southern District of New York, on the ground that the arbitration of all claims will take place in that district, per the parties' agreement to arbitrate.

This motion is supported by (1) the attached Declaration of H.N.A. Goodman; (2) the attached Declaration of Shabbir Ali; (3) the accompanying Memorandum of Law; (4) all pleadings and other papers on file with the Court in this proceeding.

HOU:2357999.1

Dated: Houston, Texas
       September 23, 2004

                                              Respectfully Submitted,

                                              By: /s/ C. Charles Dippel
                                                   C. Charles Dippel
                                                   State Bar No. 05891000
                                                 Federal Bar No. 3262
                                                 Andrews Kurth LLP
                                                 600 Travis, Suite 4200
                                                 Houston, Texas 77002
                                                 (713) 220-4200
                                                 (713) 220-4285 (fax)

                                              ATTORNEY-IN-CHARGE FOR
                                              DEFENDANTS H.N.A. GOODMAN AND
                                              SHABBIR ALI

OF COUNSEL:

John K. Crossman
Zukerman Gore & Brandeis LLP
900 Third Avenue
New York, NY 10022
(212) 223-6700
(212) 223-6433 (fax)

3

HOU:2357999.1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forward to counsel of record as required by the Rules, on this the ___23___ day of September, 2004, as indicated below.

*C. Charles Dippel* (signature)

C. Charles Dippel

## SERVICE LIST

Reagan M. Brown
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESSO EXPLORATION AND PRODUCTION CHAD, INC. | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. H-04-2483 |
| TAYLORS INTERNATIONAL SERVICES LTD., H.N.A. "SANDY" GOODMAN AND SHABBIR ALI, | § § § § § | |
| Defendants. | | |

## DECLARATION OF H.N.A. GOODMAN

H.N.A. GOODMAN declares as follows:

1.    I am a named defendant in the above-captioned action. I make this declaration in support of the Motion of H.N.A. "Sandy" Goodman and Shabbir Ali to Dismiss or, in the Alternative, to Transfer or Stay.

2.    I am the Chairman of Taylors International Services Limited ("Taylors"), also named as a defendant in the above-captioned action.

3.    I am a citizen of, and reside in, the United Kingdom. My principal business office is in Brighton, England.

4.    I do not regularly have any contacts, of a business or personal nature, with persons or entities in the state of Texas.

5.  I have visited Texas twice in the past five years. Although both visits were related to, and taken in, my capacity as Chairman of Taylors, neither of these visits pertained in any manner to the circumstances giving rise to this lawsuit.

6.  I do not own, rent, or lease any property in Texas.

7.  I do not have any bank accounts or other financial arrangements based in Texas.

8.  I do not conduct or operate any business in Texas.

9.  Glen Beal, Vice-President of Business Development for Taylors, negotiated the Catering Contract that is at the heart of this lawsuit on behalf of Taylors. I did not participate in the solicitation, negotiation, or execution of the Catering Contract, nor did I receive or read the Catering Contract or have any detailed knowledge of its terms prior to its signing by Beal.

10. In my capacity as Chairman of Taylors, I have participated in a few telephone conference calls between representatives of Esso Chad and Taylors which were conducted for the purpose of attempting to resolve disputes related to performance of the Catering Contract. I participated in these phone calls from my office in Brighton. The phone calls were typically initiated by representatives of Esso Chad in Houston.

11. In my capacity as Chairman of Taylors, I sent two letters to Esso Chad relating to the performance of the Catering Contract, one on July 2, 2003, and one

Case 4:04-cv-02483   Document 13   Filed in TXSD on 09/23/04   Page 7 of 10

SEP-23-2004  12:36    ZUKERMAN GORE BRANDEIS         212 2236433   P.02
FROM :Stars of Santa Ynez, Inc    FAX NO. :8056886047    Sep. 22 2004 05:13PM P4

on December 17, 2003. Both letters requested financial relief in the form of a "hardship payment" from Esso Chad due to the losses Taylors had suffered performing under the Catering Contract. The December 17 letter was signed by Managing Director Shabbir Ali on my behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2004

_____
H.N.A. Goodman

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESSO EXPLORATION AND PRODUCTION CHAD, INC. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-2483 |
| TAYLORS INTERNATIONAL SERVICES LTD., H.N.A. "SANDY" GOODMAN AND SHABBIR ALI, | § § § § § | |
| Defendants. | | |

### DECLARATION OF SHABBIR ALI

SHABBIR ALI declares as follows:

1. I am a named defendant in the above-captioned action. I make this declaration in support of the Motion of H.N.A. "Sandy" Goodman and Shabbir Ali to Dismiss or, in the Alternative, to Stay.

2. I am the Managing Director of Taylors International Services Limited ("Taylors"), also named as a defendant in the above-captioned action.

3. I am a citizen of the Islamic Republic of Pakistan. My principal business office is in Jiddah, Saudi Arabia. I maintain a residence in Chino Hills, California, where I reside on average approximately three months out of each year.

4. I do not regularly have any contacts, of a business or personal nature, with persons or entities in the state of Texas.

5. I have visited Texas twice in the past five years. Although both visits were related to, and taken in, my capacity as Managing Director of Taylors, neither of these visits pertained in any manner to the circumstances giving rise to this lawsuit.

6. I do not own, rent, or lease any property in Texas.

7. I do not have any bank accounts or other financial arrangements based in Texas.

8. I do not conduct or operate any business in Texas.

9. Glen Beal, Vice-President of Business Development for Taylors, negotiated the Catering Contract that is at the heart of this lawsuit on behalf of Taylors. I did not participate in the solicitation, negotiation, or execution of the Catering Contract, nor did I receive or read the Catering Contract or have any detailed knowledge of its terms prior to its signing by Beal.

10. In my capacity as Managing Director of Taylors, I have participated in a few telephone conference calls between representatives of Esso Chad and Taylors which were conducted for the purpose of attempting to resolve disputes related to performance of the Catering Contract. I participated in these phone calls from my office in Jiddah or Taylors' UK Liaison office in Brighton, England. The phone calls were typically initiated by representatives of Esso Chad in Houston.

11. In my capacity as Managing Director of Taylors, I signed a December 17, 2003 letter to Esso Chad on behalf of Taylors' Chairman, H.N.A. Goodman. This letter requested financial relief in the form of a "hardship payment" from Esso Chad due to the losses Taylors had suffered performing under the Catering Contract.

12. In my capacity as Managing Director of Taylors, I communicated with representatives of Esso Chad by electronic mail on several occasions for purposes of attempting to resolve disputes arising under the Catering Contract.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2004

_____
Shabbir Ali