IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESSO EXPLORATION AND PRODUCTION CHAD, INC., § § § Plaintiff, § § v. § § CIVIL ACTION NO. 4:04-CV-02483 § TAYLORS INTERNATIONAL § SERVICES LTD.; H.N.A. "SANDY" § GOODMAN AND SHABBIR ALI, § § § Defendants. § | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO REINSTATE AND CONFIRM ARBITRAL AWARD**

Plaintiff Esso Exploration and Production Chad, Inc. ("Esso Chad"), pursuant to an award ("Award") rendered by an arbitration panel under the auspices of the International Chamber of Commerce International Court of Arbitration ("ICC"), and approved by the ICC Court on March 27, 2006, files this memorandum in support of its motion to reinstate this matter and confirm the Award.

**I.    SUMMARY OF ARGUMENT**

Following this Court's order of stay pending arbitration, the parties proceeded to arbitration in New York. The ICC recently approved the award adjudicating the parties' claims. Pursuant to the convenience of the parties and the interests of justice, this Court should retain jurisdiction over this matter to confirm the Award and enter final judgment.[1] Confirmation of the Award is mandated under the narrow judicial review under federal law as no credible arguments exist to attack the Award.

---

[1] Venue decisions are reviewed under an abuse of discretion standard. *In re Volkswagen AG*, 371 F.3d 201, 202-203 (5th Cir. 2004). An order to confirm, modify, or vacate an arbitration award is reviewed under a *de novo* standard to enable the appellate court to assess whether the district court has accorded sufficient deference to the award. *Prestige Ford v. Ford Dealer Computer Services, Inc.*, 324 F.3d 391, 393 (5th Cir. 2003).

## II.    BACKGROUND

The relevant procedural background in this matter is as follows:

- On October 1, 2001, Esso Chad and Taylors International Services Ltd. ("Taylors") entered into a Catering and General Camp Services contract (the "Catering Contract").[2] Within the Catering Contract, the parties agreed to the following arbitration provision:

   *Any controversies or claims between the parties hereto arising out of or relating to this Agreement or the breach thereof may, at the election of [Esso Chad] or [Taylors], be settled by arbitration in accordance with the commercial rules of the International Chamber of Commerce, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. In determining the substance of such controversy or claim, the arbitrator(s) shall apply the laws of the State of New York of the United States of America, except for any rule of such laws which would make the law of any other jurisdiction applicable, and shall be decided in accordance with the terms of this Agreement, taking into account the usage of the trade applicable to the transaction. The arbitration shall be held in the city of New York, State of New York of the United States of America and shall be conducted in English. Neither the existence of any controversy or claim nor the fact that arbitration is pending hereunder will relieve either party hereto of its obligations under this Agreement.[3]*

- On June 25, 2004, Esso Chad filed this action against defendants Taylors, H.N.A. "Sandy" Goodman ("Goodman") and Shabbir Ali ("Ali"). The parties' dispute arose out of and in connection with the Catering Contract.[4]

- On September 23, 2004, pursuant to Section 18.1 of the Catering Contract, Taylors filed a Request for Arbitration with the ICC.[5]

- On September 23, 2004, Taylors simultaneously filed a Motion to Dismiss Or, In The Alternative, To Transfer Or Stay (along with supporting memorandum) ("Motion").[6] In the Motion, Taylors argued that the matter should be dismissed or stayed in favor of the ICC arbitration and transferred in the interest of convenience to the Southern District of New York.[7]

---

[2] *See* Catering and General Camp Services Contract, attached as **Exhibit B**; s*ee also* Docket No. 11 (Affidavit of Mr. C. Charles Dippel, attaching the Catering Contract as Exhibit A).

[3] *See* **Exhibit B** at p. 33, § 18.1.

[4] *See* Docket No. 4, Plaintiff's First Amended Petition.

[5] *See* Taylors Services International Ltd.'s Request for Arbitration, attached (without exhibits) as **Exhibit C**; *see also* Docket No. 11 (Affidavit of Mr. C. Charles Dippel, attaching the Request for Arbitration as Exhibit B).

[6] Docket Nos. 11, 12.

[7] Docket No. 12 at pp. 4-7, fn 3 and 4.

- On October 28, 2004, the Court stayed and administratively closed this case pending completion of the ICC arbitration.[8] The Court further held that should post-arbitration proceedings be required the parties shall file a written motion to reinstate and transfer the case to the United States District Court of the Southern District of New York.[9]

- On November 30, 2004, Esso Chad answered and filed counterclaims against Taylors, Goodman, and Ali within the ICC arbitration.[10] On January 18, 2005, the ICC ruled that Goodman and Ali were not appropriate parties within the ICC arbitration.[11]

- The sole arbitrator, Mr. Carlos Bianchi ("Sole Arbitrator"), was appointed by the ICC on February 25, 2005, in accordance with Article 9(3) of the ICC Rules of Arbitration.[12]

- The parties appeared in New York before the Sole Arbitrator at evidentiary hearings held from November 16, 2005, to November 18, 2005, and from December 14, 2005, through December 16, 2005.[13]

- The Sole Arbitrator – following the evidentiary hearings, the receipt of witness statements, and the submission of both pre-hearing and post-hearing briefs by the parties – submitted his award to the ICC for consideration.

- On March 27, 2006, the ICC approved the award of the Sole Arbitrator.[14]

Based upon this procedural and factual history, reinstatement of this matter and confirmation of the Award is appropriate.[15]

---

[8] Docket No. 17.

[9] Docket No. 17.

[10] *See* Esso Chad Answer & Counterclaim, ICC Case No 13 491/JNK/EBS, attached (without exhibits) as **Exhibit D**.

[11] *See* January 18, 2005, Correspondence from ICC to Counsel (notifying counsel of decision by ICC not to join Goodman or Ali as parties within the ICC arbitration), attached as **Exhibit E**.

[12] *See* February 28, 2005, Correspondence from ICC to Counsel (confirming appointment of Mr. Carlos Bianchi and attaching Arbitrator's Declaration of Acceptance and Statement of Independence), attached as **Exhibit F**.

[13] *See* Award, ICC Case No 13 491/JNK/EBS at p. 3, ¶12, attached as **Exhibit G**.

[14] *See* **Exhibit G** (Award, ICC Case No 13 491/JNK/EBS). The Award satisfies 9 U.S.C. § 13. Esso Chad has also attached, pursuant to 9 U.S.C. § 13, correspondence related to (a) the selection or appointment of Mr. Carlos Bianchi as Sole Arbitrator (*see* **Exhibit F**), and (b) the extension of time granted by the ICC to make the award (*see* **Exhibit F**).

[15] *See* Affidavit of Mr. Reagan M. Brown, attached as **Exhibit A**.

### III.    MOTION TO REINSTATE

Esso Chad seeks to reinstate this matter and to have this Court retain jurisdiction of the matter in order to confirm the valid Award.

#### A.    Reinstatement Is Appropriate

Pursuant to this Court's order, Esso Chad hereby moves to reinstate this matter.[16]  As noted above, the arbitration of this matter has been completed and an award has been rendered.[17]  The Award disposes of all claims and counterclaims between the parties and renders an award in favor of Esso Chad.  Accordingly, this matter is ripe for reinstatement, confirmation of the Award, and judgment.

#### B.    Confirmation Of Arbitration Award By This Court Is Appropriate

The convenience of the parties and interests of justice would be served by this Court retaining jurisdiction over the post-arbitration motion to confirm the Award.[18]

In this Court's Order of October 28, 2004, the Court denied Taylors' motion to dismiss and granted Taylors' motion to stay the litigation pending the outcome of arbitration.[19]  Esso Chad did not file a written response to Taylors' motion to dismiss because the motion was effectively mooted by the necessity for the matter to proceed to arbitration, which necessity the Court recognized in denying the motion to dismiss and granting the motion to stay.

Although the Court's Order of October 28, 2004, directs the parties, in the event post-arbitration proceedings are required, to file a motion to reinstate and "transfer [the proceeding] to the United States District Court for the Southern District of New York," Esso Chad respectfully submits that this Court can, and should, retain jurisdiction over this case and confirm that Award.

---

[16]  Docket No. 17.

[17]  *See* **Exhibit G**.

[18]  Various private and public interest factors are used to determine convenience (none of which are dispositive).  *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

[19]  Docket No. 17.

Initially, Esso Chad's choice of forum is highly esteemed and typically entitled to great deference. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1396 (S.D.Tex. 1992). Additionally, given the fact that both Esso Chad and Taylors are not citizens of Texas or New York, the courts of both Texas and New York are equally inconvenient to the parties; thus, "this Court is as good as place as any other in which to" hear the post-arbitration motions. *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 826 (S.D. Tex. 1993). Furthermore, transfer of this matter to the Southern District of New York is not appropriate unless Esso Chad could have initially sued Taylors in that court. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F.Supp.2d 848, 851 (N.D. Tex. 2005) (citing *Hoffman v. Blaski*, 363 U.S. 335 (1960)). At best, it is unclear whether Esso Chad could have sued Taylors initially in New York. Although Taylors referenced the existence of the New York forum for the arbitration in its motion to dismiss, Taylors did not concede that a lawsuit against Taylors in the New York courts would have been proper from a jurisdictional standpoint.[20]

More importantly, any dispute over whether Taylors is subject to personal jurisdiction in the Southern District of Texas was resolved during discovery in the arbitration proceeding. The arbitration proceeding established that Taylors has significant contacts within the Southern District of Texas, including, but not limited to, the following:

- Taylors employed Mr. Glen Beal as a Vice President at its Kingwood, Texas, office;[21]

---

[20] Furthermore, the fact that Taylors may consent to jurisdiction in New York is irrelevant to this issue. *See Wolf Designs, Inc.*, 355 F.Supp.2d at 851 (citing *Independent Fish Company v. Phinney*, 252 F.Supp. 952, 953 (W.D.Tex. 1966)).

[21] *See* Witness Statement of Mr. Glen Beal at ¶ 5 ("While working for Taylors I was based in Kingwood, Texas.") attached as **Exhibit H**; *see also* **Exhibit B**, Catering Contract, pp. 30,31 at § 15.1 (noting the address of "Taylors International – Texas Office" in Kingwood, Texas).

- Taylors sent an employee to Houston, Texas, to work with Mr. Glen Beal to develop the bid for the Catering Contract to be entered into between Taylors and Esso Chad;[22]

- Mr. Beal, as a duly authorized representative of Taylors, personally hand-delivered Taylors' bid offer for the Catering Contract to Esso Chad in Houston, Texas;[23]

- Mr. Beal, as a duly authorized representative of Taylors in Texas, signed the Catering Contract;[24]

- Taylors management had various telephone conversations, email communications, and correspondence with Esso Chad individuals in Houston, Texas;[25]

- The Catering Contract is the document that formed the basis of the original litigation and the ICC arbitration.

Esso Chad respectfully submits that the above evidence provides the necessary jurisdictional nexus for this Court to confirm the Award. Furthermore, the convenience of the parties and the interests of justice weigh in favor of this Court retaining jurisdiction over this matter.

### IV.   MOTION TO CONFIRM ARBITRAL AWARD

Esso Chad seeks confirmation of the Award pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201 *et seq*. (the "New York Convention") and pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 & 13 *et seq*. (the "FAA"). The Award in this matter was rendered consistent with the evidence and the applicable law and no credible argument can be made to attack its validity.

---

[22] *See* Witness Statement of Mr. Shabbir Ali at ¶ 11 ("Before Vince Melvin formally joined Taylors, he travelled [sic] from Gabon to Houston to meet Glen Beal and spent approximately 2 weeks working with Glen Beal preparing Taylors' bid."), attached as **Exhibit I**.

[23] *See* Witness Statement of Mr. Daniel Deer at ¶ 14 ("I spoke with Mr. Beal and he confirmed that Taylors' bid offer would be hand-delivered to my office, as Mr. Beal was also located in Houston, Texas.") and ¶ 17 ("On September 13, 2001, Mr. Beal hand-delivered Taylors' bid offer to my office in Houston, Texas."), attached as **Exhibit J**.

[24] *See* **Exhibit B**, Catering Contract at p. 37 (signature of Mr. Glen M. Beal as Vice President Business Development, Taylors International Services Ltd.).

[25] *See* Declaration of Mr. Shabbir Ali, attached as **Exhibit K** (noting that Mr. Ali participated in telephone conference calls with Esso Chad in Houston, prepared correspondence to Esso Chad in Houston, and communicated via several electronic mail communications with Esso Chad representatives); *see also* Docket No. 13 (attaching declaration).

### A.     Jurisdiction and Venue Are Proper

This Court has jurisdiction to entertain this motion pursuant to 9 U.S.C. § 203.[26]  Additionally, venue is proper in this district pursuant to 9 U.S.C. § 204.  *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (U.S. 2000) (holding that the venue provisions of the FAA are permissive and permit a motion to confirm an arbitration award in any district court where venue is proper); *Sutter Corporation v. P & P Industries, Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) (holding venue provisions of FAA are permissive, not mandatory).

### B.     The Motion To Confirm Is Timely

The Award should be confirmed because this motion is made less than one year after the rendering of the Award.  *See* 9 U.S.C. § 207 (establishing a three year deadline to move to confirm arbitration award under New York Convention); *see also* 9 U.S.C. § 9 (establishing a one year deadline to confirm arbitration award under FAA).

### C.     The Arbitration Award Is Valid and Confirmation Is Appropriate

No grounds exist for "refusal or deferral of recognition or enforcement of the Award" pursuant to the New York Convention and there are no grounds to vacate or modify the Award under the FAA.[27]

---

[26] 9 U.S.C. § 203 states, in pertinent part, "The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." As noted in Plaintiff's First Amended Complaint, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between a United States corporate citizen and citizens of foreign countries.  (*See* Docket No. 4 at p. 2, ¶ 3.)

[27] 9 U.S.C. § 10 states, in pertinent part:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
>
>> (1) where the award was procured by corruption, fraud, or undue means;
>>
>> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>>
>> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>>
>> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The law within the Fifth Circuit is clear that judicial review of an arbitration award is <u>extraordinarily</u> limited and courts must defer to the decision of the arbitrator. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004) (holding that "a district court's review of an arbitration award is extraordinarily narrow" and should take an "exceedingly deferential" view of the arbitrator's award) (quoting *Prestige Ford v. Ford Dealer Computer Services, Inc.*, 324 F.3d 391, 393 (5th Cir. 2003) and *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004)); *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990); *Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 412 (5th Cir. 1990).

The Award in this matter was procured through an unbiased arbitrator who oversaw a lengthy evidentiary process, analyzed lengthy pre-hearing and post-hearing submissions by the parties, and rendered an award consistent with the evidence and the applicable law. No credible argument can be made to attack the validity of the Award. Esso Chad therefore requests that the Court confirm the Award under the New York Convention and FAA.

## V.     PRAYER FOR RELIEF

For the above reasons, Esso Chad prays for the following relief:

1.     The Court reinstate this case and retain jurisdiction over this matter;

---

9 U.S.C. § 11 states:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration –
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

2. The Court confirm the Award rendered in ICC Case No 13 491/JNK/EBS in all respects and enter judgment, in conformance with the Award rendered in ICC Case No 13 491/JNK/EBS, that:

   a. Taylors International Services Ltd. shall pay to Esso Exploration and Production Chad, Inc. the amount of $3,113,884.46, together with interest at the rate of 9% per annum from January 1, 2005, until payment;

   b. Taylors International Services Ltd. shall indemnify Esso Exploration and Production Chad, Inc. in respect of any sums which Esso Exploration and Production Chad, Inc. is obliged to pay to Senev-Tchad, pursuant to the order of a competent court, in respect of payments which Taylors International Services Ltd. is obliged to make under Section 6.1 of Exhibit A of the Catering and General Camp Services contract entered between Taylors International Services Ltd. and Esso Exploration and Production Chad, Inc.;

   c. Taylors International Services Ltd. shall pay to Esso Exploration and Production Chad, Inc. the amount of $590,588.31 in respect of attorneys' fees and costs, together with interest at the rate of 9% per annum on any amount unpaid from May 1, 2006, until payment;

   d. Taylors International Services Ltd. shall pay to Esso Exploration and Production Chad, Inc. the amount of $32,500.00 in respect of the arbitrator's fees and expenses, and the ICC's administrative expenses, together with interest at the rate of 9% per annum on any amount unpaid from May 1, 2006, until payment; and,

   e. Save as aforesaid, the claims between Taylors International Services Ltd. and Esso Exploration and Production Chad, Inc. are denied.

3. That such other and further relief be awarded to Esso Chad as this Court deems just and proper.

Respectfully submitted,

By: /s/ Reagan M. Brown
Reagan M. Brown
State Bar No. 03162200
Federal I.D. No. 4644
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713.651.5151
Facsimile: 713.651.5246

**Attorney-In-Charge For Plaintiff,
Esso Exploration And Production Chad, Inc.**

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.
David J. Levy
State Bar No. 12264850
Federal I.D. No. 13725
Charles Jason Rother
State Bar No. 24013423
Federal I. D. No. 25742
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713.651.5151
Facsimile: 713.651.5246

## CERTIFICATE OF SERVICE

This pleading was served in compliance with the Federal Rules of Civil Procedure by certified mail, return receipt requested on April 10, 2006.

_____
Reagan M. Brown