# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESSO EXPLORATION AND PRODUCTION CHAD, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:04-CV-02483 |
| TAYLORS INTERNATIONAL SERVICES LTD.; H.N.A. "SANDY" GOODMAN AND SHABBIR ALI, | § § § § § | |
| Defendants. | § § | |

## AFFIDAVIT OF MR. REAGAN M. BROWN

| | |
|---|---|
| CITY OF HOUSTON | § § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Mr. Reagan M. Brown, known to me to be the person whose name is subscribed to the following instrument and having been by me duly sworn, upon his oath, deposes and states the following:

1.    "My name is Reagan M. Brown. I am over eighteen (18) years of age, I have never been convicted of a felony or crime of moral turpitude, and I am fully competent to make this affidavit. I have personal knowledge of the facts set forth in this affidavit and am able to swear, and I hereby do swear, that all of the matters contained in the affidavit are true and correct.

2.    I am a licensed attorney in the State of Texas and am a partner with the law firm of Fulbright & Jaworski L.L.P.

31107122.1

3. I am acquainted with the facts and circumstances involved in the dispute between Esso Exploration and Production Chad, Inc. ("Esso Chad") and Taylors International Services Ltd. ("Taylors") and I make this affidavit in support of Esso Chad's motion to confirm arbitral award.

4. The amount of the arbitration award involved, exclusive of interest and costs, exceeds $75,000.

5. Esso Chad and Taylors entered into a written contract – a Catering and General Camp Services contract (the "Catering Contract") – on October 1, 2001. The contract sets forth the rights and obligations of Esso Chad and Taylors in their dealings with each other.

6. The Catering Contract contained an arbitration agreement which stipulated that a judgment of a court of competent jurisdiction may be entered upon an award made pursuant to arbitration. The arbitration agreement is as follows:

> Any controversies or claims between the parties hereto arising out of or relating to this Agreement or the breach thereof may, at the election of [Esso Chad] or [Taylors], be settled by arbitration in accordance with the commercial rules of the International Chamber of Commerce, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. In determining the substance of such controversy or claim, the arbitrator(s) shall apply the laws of the State of New York of the United States of America, except for any rule of such laws which would make the law of any other jurisdiction applicable, and shall be decided in accordance with the terms of this Agreement, taking into account the usage of the trade applicable to the transaction. The arbitration shall be held in the city of New York, State of New York of the United States of America and shall be conducted in English. Neither the existence of any controversy or claim nor the fact that arbitration is pending hereunder will relieve either party hereto of its obligations under this Agreement.

7. A copy of the written contract, including the arbitration agreement, is attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit B, and made a part hereof.

8. The contract involved here evidences a transaction involving international commerce.

9. A dispute arose between Esso Chad and Taylors where Taylors claimed that Esso Chad breached the Catering Contract, converted certain property of Taylors, and breached the implied covenant of good faith and fair dealing by aiding and abetting a Taylors' employee's breach of fiduciary duty owed to Taylors. Esso Chad, on the other hand, claimed that Taylors had breached the Catering Contract (by failing to pay Taylors' subcontractors and failing to properly indemnify Esso Chad) and Taylors had breached the implied covenant of good faith and fair dealing.

10. Pursuant to the arbitration agreement within the Catering Contract, Taylors commenced ICC Case No 13 491/JNK/EBS under the arbitration rules of the International Chamber of Commerce International Court of Arbitration ("ICC"). Mr. Carlos Bianchi was duly selected by the ICC as the sole arbitrator.

11. Thereafter, at a time and place appointed, notice of which was given to both parties, evidentiary hearings were held in New York before Mr. Bianchi from November 16, 2005, to November 18, 2005, and from December 14, 2005, through December 16, 2005. Witnesses from both parties, duly sworn, presented oral testimony and documentary evidence at the evidentiary hearings.

12. At the evidentiary hearings, Esso Chad was represented by myself (along with other counsel from Fulbright & Jaworski L.L.P.). Taylors was represented by Ms. Theresa Peacocke (3 Stone Buildings) as well as counsel from DMH Stallard. At the evidentiary hearings Mr. Bianchi heard all of the proofs of both parties.

13. After Mr. Bianchi completed his study of all the facts, circumstances, elements, and proofs pertaining to the controversy which had been submitted to him (including both pre-hearing and post-hearing briefing), and considered all of the evidence, arguments submitted by the parties, and the applicable law, he submitted an award, in writing, to the ICC.

14. On March 27, 2006, the ICC approved and published the arbitration award ("Award") to the parties. A true copy of the Award is attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit G, and made a part hereof.

15. Attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit C, and made a part hereof, is a true and correct copy of Taylors Services International Ltd.'s Request for Arbitration, ICC Case No 13 491/JNK/EBS (without exhibits).

16. Attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit D, and made a part hereof, is a true and correct copy of Esso Chad Answer & Counterclaim, ICC Case No 13 491/JNK/EBS (without exhibits).

17. Attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit E, and made a part hereof, is a true and correct copy of the January 18, 2005, Correspondence from the ICC to Counsel (notifying counsel of the decision by the ICC not to join Goodman or Ali as parties within ICC Case No 13 491/JNK/EBS).

18. Attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit F, and made a part hereof, are true and correct copies of correspondence related to the appointment of Mr. Carlos Bianchi as Sole Arbitrator in ICC Case No 13 491/JNK/EBS and the extension of time granted by the ICC to make the award in ICC Case No 13 491/JNK/EBS.

19. Attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit H, and made a part hereof, is a true and correct copy of is the Witness Statement of Mr. Glen Beal submitted pursuant to the ICC Rules of Arbitration in ICC Case No 13 491/JNK/EBS.

20. Attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit I, and made a part hereof, is a true and correct copy of is the Witness Statement of Mr. Shabbir Ali submitted pursuant to the ICC Rules of Arbitration in ICC Case No 13 491/JNK/EBS.

21. Attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit J, and made a part hereof, is a true and correct copy of is the Witness Statement of Mr. Daniel Deer submitted pursuant to the ICC Rules of Arbitration in ICC Case No 13 491/JNK/EBS.

22.     Attached to Esso Chad's Memorandum In Support Of Motion to Reinstate and Confirm Arbitral Award, marked Exhibit K, and made a part hereof, is a true and correct copy of the Declaration of Mr. Shabbir Ali, submitted by Taylors in this matter.

FURTHER AFFIANT SAYETH NOT."

_____
Mr. Reagan M. Brown

SUBSCRIBED TO AND SWORN before me, the undersigned notary public, on this 10th day of April, 2006.



_____
Notary Public in and for the State of Texas

My commission expires: 9-20-2009

31107122.1

6