# EXHIBIT F



**International Chamber of Commerce**

*The world business organization*

**International Court of Arbitration • Cour internationale d'arbitrage**

28 February 2005/sg

**13 491/JNK/EBS**

TAYLORS INTERNATIONAL SERVICES LIMITED (Channel Islands) vs/ ESSO EXPLORATION AND RRODUCTION CHAD INC. (U.S.A.)

---

Counsel in charge of the file: Ms. Erica Stein (dir. tel: 33 1 49 53 28 32 - dir. fax: 33 1 49 53 57 80)

Carlos J. Bianchi, Esq.
LAW OFFICE OF CARLOS J. BIANCHI
150 East 58th Street, 34th Floor
New York, New York 10155
U.S.A.

*By DHL and fax 00 1 212 317 2946*

Dear Sir,

Please find enclosed the file in the above-referenced case, transmitted in accordance with Article 13 of the Rules. The file consists of the documents on the attached list.

The Secretariat takes this opportunity to draw your attention to the following points:

**I.   Constitution of the Arbitral Tribunal:**

At its session of 25 February 2005, the Court, in accordance with Article 9(3) of the Rules, appointed you as Sole Arbitrator upon the proposal of the Chilean National Committee.

**II.   Names and addresses of the parties to the proceedings:**

Claimant:

TAYLORS INTERNATIONAL SERVICES LIMITED
5/7 St. Anne's House
P.O. Box 37, Victoria Street
Alderney
Channel Islands

Represented by:

John K. Crossman, Esq.
ZUKERMAN GORE & BRANDEIS, LLP
875 Third Avenue
New York, New York 10022
U.S.A.

.../..

ICC-International Court of Arbitration • Cour internationale d'arbitrage de la CCI
38, Cours Albert 1er, 75008 Paris, France
Telephone +33 1 49 53 28 28   Fax +33 1 49 53 29 29 / +33 1 49 53 29 33
Website www.iccarbitration.org   E-mail arb@iccwbo.org

Respondent:

    ESSO EXPLORATION AND PRODUCTION CHAD INC.
    16945 Northchase Drive, 8th Floor
    Houston, Texas 77060
    U.S.A.

Represented by:

    Reagan M. Brown, Esq.
    David J. Levy, Esq.
    Charles Jason Rother, Esq.
    FULBRIGHT & JAWORSKI L.L.P.
    1301 McKinney, Suite 5100
    Houston, Texas 77010
    U.S.A.

### III.  Place of arbitration:

New York City, U.S.A. is the place of arbitration.

### IV.  Financial status of the file:

Based on the information in the Secretariat's possession, the Secretary General fixed the provisional advance at US$ 25 000, which is intended to cover the costs of this arbitration until the Terms of Reference have been drawn up, in accordance with Article 30(1) of the Rules.

The provisional advance has been fully paid by Claimant.

The Court, at its session of 14 January 2005, fixed the advance on costs at US$ 130 000, subject to later readjustments. To date, the advance on costs has been paid by the parties in the following manner:

    Claimant:    US$ 25 000
    Respondent:  US$    0

As indicated in Article 30(2) of the Rules and Article 1(4) of Appendix III, the advance on costs covers the fees of the Arbitral Tribunal, the reimbursable expenses and the ICC administrative expenses.

Depending on the evolution of the matter, the Court may readjust the advance on costs at a later date.

The amount in dispute is partially quantified at US$ 6 500 000 (*i.e.*, US$ 2 500 000 for the partially quantified principal claims and US$ 4 000 000 for the partially quantified counterclaims).

The Secretariat encourages the Sole Arbitrator to state the amount in dispute in the Terms of Reference as precisely as possible. Furthermore, during the course of the proceedings, the Sole Arbitrator should inform the Secretariat of any change in the amount in dispute in order to permit the Court to consider whether any adjustment of the advance on costs is appropriate.

    .../...

13 491/JNK/EBS                                                                   Page 3
--------------------------------------------------------------------------------

### V. Procedure:

Your first task is to establish the Terms of Reference and the provisional timetable, in accordance with Article 18 of the Rules. In this regard, we draw your attention to the time limit of **two months** within which the Terms of Reference must be transmitted to the Court.

The Court attaches particular importance to the rapid resolution of arbitrations conducted under its Rules. You should therefore make every effort to finalize the Terms of Reference within the period provided for in the Rules. Although extensions of time may be granted by the Court, avoidable delay in the completion of the Terms of Reference may be taken into account by the Court in fixing the arbitrators' fees (see Article 2(2) of Appendix III). Moreover, Article 12(2) of the Rules provides that an arbitrator shall be replaced when the Court decides that he is not fulfilling his functions within the prescribed time limits.

You are also advised that:

(i)   when drawing up the Terms of Reference, or as soon as possible thereafter, the Sole Arbitrator, after having consulted with the parties, shall establish in a separate document a provisional timetable that it intends to follow for the conduct of the arbitration and shall communicate it to the Court and the parties (see Article 18(4) of the Rules);

(ii)  in accordance with Article 24(1) of the Rules, the time limit within which the Arbitral Tribunal must render its Final Award is six months, running from the date of the last signature of the Terms of Reference, or in case of application of Article 18(3) of the Rules, from the date of the Secretariat's notification to the Sole Arbitrator of the Court's approval of the Terms of Reference;

(iii) although the Rules permit this time limit to be extended by the Court if necessary, we would like to emphasize the importance of conducting the arbitration proceedings as rapidly as may be reasonably possible in the circumstances;

(iv)  when the Sole Arbitrator has declared the proceedings closed according to Article 22(1) of the Rules, it shall indicate to the Secretariat an approximate date by which the draft Award will be submitted to the Court for approval (see Article 22(2) of the Rules); and

(v)   in accordance with Article 27 of the Rules, every draft Award shall be submitted to the Court for scrutiny and no Award can be rendered by the Sole Arbitrator until it has been approved by the Court as to its form. Parties should not be communicated the text of any Award before it has been approved by the Court and notified by the Secretariat.

### VI. Payment of fees and reimbursement of expenses:

As a general indication, on the basis of the information available at present, the fees of an arbitrator may vary between US$ 25 250 and US$ 123 840 for this matter, in view of the amount in dispute.

.../...

With regard to remuneration, we urge you to familiarize yourself with the relevant provisions of the Rules and the scale of arbitrator's fees contained in Appendix III thereto. You may also find the cost calculator on our website www.iccarbitration.org useful. Please note, in particular, that the arbitrator's fees are fixed exclusively by the Court and that separate fee arrangements between the parties and the arbitrators are not permitted. Arbitral fees are moreover fixed only at the end of the proceedings, although advances and reimbursement of expenses may be granted upon the completion of concrete steps in the arbitration.

Please find enclosed a note concerning the reimbursement of arbitrators' expenses.

We also draw your attention to Article 2(9) of Appendix III of the Rules, which states that the amounts paid to the arbitrators do not include any possible value-added taxes (VAT), and that the recovery of any such taxes payable by the arbitrators in respect of their fees is a matter solely between the arbitrators and the parties.

Finally, we draw your attention to the fact that under French taxation law, the ICC must declare annually to the French tax authorities the amount of fees (including advances on fees) paid to each arbitrator during the calendar year, as well as the expenses reimbursed to each arbitrator by the ICC during the same time period.

### VII. Correspondence:

The parties should henceforth correspond directly with the Sole Arbitrator and send copies of their correspondence to the other party and to the Secretariat. The Sole Arbitrator is invited to send a copy of all correspondence with the parties to the Secretariat.

Finally, the Secretariat invites you to complete the enclosed Banking Instructions form in full. Please ensure to include the swift code, the absence of which may cause payments to be delayed.

Yours faithfully,

Erica Stein
Counsel
Secretariat
ICC International Court of Arbitration

Encl.: Copy of the Secretariat's letter of today to the parties
       List of Documents and documents mentioned therein (*documents by DHL only*)
       Note regarding Personal and Arbitral Tribunal Expenses
       Blank Banking Instructions form

c.c.:  John K. Crossman, Esq.
       Reagan M. Brown, Esq.
       David J. Levy, Esq.
       Charles Jason Rother, Esq.
       (*by mail and fax without enclosures*)

**ICC**
**International Chamber of Commerce**
*The world business organization*

**International Court of Arbitration • Cour internationale d'arbitrage**

<u>**ICC CASE N° 13 491/JNK/EBS**</u>

**LIST OF DOCUMENTS**

A. <u>**DOCUMENTS SUBMITTED BY CLAIMANT**</u>:

Letter to the Secretariat dated 22 September 2004
Request for Arbitration dated 22 September 2004
Letter to the Secretariat dated 28 September 2004
Letter to the Secretariat dated 5 November 2004
Letter to the Secretariat dated 9 November 2004
Letter to the Secretariat dated 11 November 2004
Letter to the Secretariat dated 23 November 2004
Letter to the Secretariat dated 20 December 2004
Letter to the Secretariat dated 6 January 2005 and attachments
Letter to the Secretariat dated 7 January 2005
Reply dated 7 January 2005
Letter to the Secretariat dated 19 January 2005

B. <u>**DOCUMENTS SUBMITTED BY RESPONDENT**</u>:

Letter to the Secretariat dated 1 November 2004
Application for Extension of Time dated 1 November 2004
Letter to the Secretariat dated 9 November 2004
Letter to the Secretariat dated 30 November 2004
Answer and Counterclaim dated 30 November 2004
Letter to the Secretariat dated 9 December 2004
Letter to the Secretariat dated 28 December 2004
Letter to the Secretariat dated 5 January 2005
Letter to the Secretariat dated 5 February 2005

ICC International Court of Arbitration • Cour internationale d'arbitrage de la CCI
38, Cours Albert 1er, 75008 Paris, France
Telephone +33 1 49 53 28 28   Fax +33 1 49 53 29 29 / +33 1 49 53 29 33
Website www.iccarbitration.org   E-mail arb@iccwbo.org

## C.  DOCUMENTS SUBMITTED BY THE SECRETARIAT:

Letter to Claimant dated 24 September 2004
Letter to Respondent dated 24 September 2004
Letter to the parties dated 9 November 2004
Letter to the parties dated 26 November 2004
Letter to the parties dated 9 December 2004
Letter to the parties dated 3 January 2004
Letter to the parties dated 14 January 2005
Letter to the parties dated 18 January 2005
Letter to the parties dated 26 January 2005
Letter to the parties dated 9 February 2005
Letter to the parties dated 11 February 2005

**ICC**

**International Chamber of Commerce**

*The world business organization*

## International Court of Arbitration • Cour internationale d'arbitrage

28 February 2005/sg

**13 491/JNK/EBS**

TAYLORS INTERNATIONAL SERVICES LIMITED (Channel Islands) vs/ ESSO EXPLORATION AND PRODUCTION CHAD INC. (U.S.A.)

---

**Counsel in charge of the file: Ms. Erica Stein (dir. tel: 33 1 49 53 28 32 - dir. fax: 33 1 49 53 57 80)**

John K. Crossman, Esq.
ZUKERMAN GORE & BRANDEIS, LLP
875 Third Avenue
New York, New York 10022
U.S.A.

*By mail and fax 00 1 212 223 6433*

Reagan M. Brown, Esq.
David J. Levy, Esq.
Charles Jason Rother, Esq.
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
U.S.A.

*By mail and fax 00 1 713 651 5246*

Dear Sirs,

The Secretariat informs you that the Court took the following decisions at its session of 25 February 2005. The Court:

1. Appointed Carlos J. Bianchi, Esq. as Sole Arbitrator upon the proposal of the Chilean National Committee.

2. Decided not to reconsider the advance on costs of US$ 130 000, subject to later readjustments.

Please find enclosed a copy of the Declaration of Acceptance and Statement of independence as well as the *curriculum vitae* of Mr. Bianchi.

The parties should henceforth correspond directly with the Sole Arbitrator and send copies of their correspondence to the other party <u>and</u> to the Secretariat.

.../...

ICC International Court of Arbitration • Cour internationale d'arbitrage de la CCI
38, Cours Albert 1er, 75008 Paris, France
Telephone +33 1 49 53 28 28   Fax +33 1 49 53 29 29 / +33 1 49 53 29 33
Website www.iccarbitration.org   E-mail arb@iccwbo.org

13 491/JNK/EBS                                                                 **Page 2**

---

Pursuant to Articles 30(2) of the Rules and Article 1(4) of Appendix III, the advance on costs is fixed to cover the fees of the Sole Arbitrator, the out-of-pocket expenses, if any, and the ICC administrative expenses. In the present matter, the advance on costs has been fixed on the basis of the information available to the Court to date, and is based on an amount in dispute partially quantified at US$ 6 500 000 (*i.e.*, US$ 2 500 000 for the principal claims and US$ 4 000 000 for the counterclaims).

Depending on the evolution of the matter, the Court may readjust the advance on costs at a later date.

In conformity with Article 30(3) of the Rules, the parties shall be invited to pay within **30 days** from the day following the date of receipt of this letter, the advance on costs in the following manner:

       Claimant:    US$ 40 000 (US$ 65 000 less US$ 25 000 already paid)
       Respondent: US$ 65 000

We remind the parties that as the provisional advance has been fully paid, in accordance with Article 13 of the Rules, the file shall be transmitted to the Sole Arbitrator by separate mail today.

Yours faithfully,

Erica Stein
Counsel
Secretariat
ICC International Court of Arbitration

Encl.: Declaration of Acceptance and Statement of Independence of Mr. Bianchi
       *Curriculum vitae* of Mr. Bianchi

c.c.:   Carlos J. Bianchi, Esq.
      (*by DHL and fax without enclosures*)

# ICC
**International Chamber of Commerce**

*The world business organization*

ICC International Court of Arbitration     Cour Internationale d'arbitrage de la CCI

CASE N° 13491/JNK/EBS

## ARBITRATOR'S DECLARATION OF ACCEPTANCE AND STATEMENT OF INDEPENDENCE

*(Please mark the relevant box or boxes)*

I, the undersigned,

Name: **BIANCHI**     First Name: **CARLOS**

## ACCEPTANCE

☒ hereby declare that I accept to serve as arbitrator under the ICC Rules of Arbitration in the instant case. In so declaring, I confirm that I have familiarized myself with the requirements of the ICC Rules of Arbitration and am able and available to serve as an arbitrator in accordance with all of the requirements of those Rules and accept to be remunerated in accordance therewith.

## INDEPENDENCE

*(If you accept to serve as arbitrator, please also check one of the two following boxes. The choice of which box to check will be determined after you have taken into account, inter alia, whether there exists any past or present relationship, direct or indirect, with any of the parties or their counsel, whether financial, professional or of another kind and whether the nature of any such relationship is such that disclosure is called for pursuant to the criteria set out below. Any doubt should be resolved in favor of disclosure.)*

☒ I am independent of each of the parties and intend to remain so; to the best of my knowledge, there are no facts or circumstances, past or present, that need be disclosed because they might be of such nature as to call into question my independence in the eyes of any of the parties.

**OR**

☐ I am independent of each of the parties and intend to remain so; however, in consideration of Article 7, paragraphs 2 & 3 of the ICC Rules of Arbitration*, I wish to call your attention to the following facts or circumstances which I hereafter disclose because they might be of such a nature as to call into question my independence in the eyes of any of the parties. (Use separate sheet if necessary.)

## NON-ACCEPTANCE

☐ hereby declare that I decline to serve as arbitrator in the subject case. (If you wish to state the reasons for checking this box, please do so.)

Date: **FEBRUARY 16, 2005**    Signature: *[signed]*

*"Article 7 (2): "Before appointment or confirmation, a prospective arbitrator shall sign a statement of independence and disclose in writing to the Secretariat any facts or circumstances which might be of such a nature as to call into question the arbitrator's independence in the eyes of the parties. The Secretariat shall provide such information to the parties in writing and fix a time limit for any comments from them."*

*Article 7 (3): "An arbitrator shall immediately disclose in writing to the Secretariat and to the parties any facts or circumstances of a similar nature which may arise during the arbitration."*

6/00

CASE No. 13 491/JNK/EBS

# CURRICULUM VITAE

*For the <u>confidential</u> use of the ICC International Court of Arbitration and communication to the parties. To be completed in English and if possible typed.*

NAME: Carlos J. Bianchi   FIRST NAME: Carlos

DATE OF BIRTH: 18th March, 1949   NATIONALITY: Chilean

PERSONAL ADDRESS:   22 Center Road
Old Greenwich, CT 06870
U.S.A.

TELEPHONE: 203-698-1821   FAX: 203-698-1821

BUSINESS ADDRESS:   Law Office of Carlos J. Bianchi
150 East 58th Street, 34th floor,
New York, NY 10155
U.S.A.

TELEPHONE: 212-355-3233

FAX: 212-317-2946

E-MAIL: cbianchi@bianchiintlaw.com

WEBSITE: http://bianchiintlaw.com

<u>ACADEMIC DEGREES/QUALIFICATIONS</u>:

Cambridge University (England) (B.A., 1970, M.A., 1976)

College of Law (England) (passed Bar Examination, 1975)

Universidad de Chile (Santiago, Chile) (Licenciado, 1982)

Formerly lecturer on Private International Law, Universidad Catolica, Santiago, Chile; and lecturer on Commercial Law, London School of Economics, London, England.

## CURRENT PROFESSIONAL ACTIVITY(IES) AND POSITION(S)

Admitted to the Bar as an attorney in the following jurisdictions:

New York
England
Chile
Spain
U.S. District Court, Southern District of New York
U.S. District Court, Eastern District of New York

Principal of the Law Office of Carlos J. Bianchi, specializing in arbitration and mediation and in international business law (especially relating to Latin America)

## PROFESSIONAL EXPERIENCE

Principal, Law Office of Carlos J. Bianchi (New York), 2001 – present
Partner, Bingham Dana Murase (New York), 1997 – 2001
Partner, Marks & Murase (New York), 1992-97
Partner, Stebbings & Skydell/Stebbings & Associates (New York), 1987-1992
Attorney, Travieso, Evans, Hughes, Aria, Rengel, Marquez & Paz
    (New York associated office of a Venezuelan law firm), 1984-86
Attorney, Claro y Cia. (Chile), 1980-83
Attorney, Enrique Puga y Cia. (Chile), 1980
Barrister, 4 Essex Court, Temple (England), 1975-79
Paralegal, Cleary, Gottlieb, Steen & Hamilton (Washington, D.C.), 1973-74
Clerk, Herbert Smith & Co., Solicitors (London, England), 1970-73
Clerk, Bischoff & Co., Solicitors (London, England), 1969


Has broad experience in international, commercial and business transactions, arbitration and litigation, in several jurisdictions and legal systems. In particular, has practiced extensively in Latin America and Europe, as well as the U.S., in matters involving commodities, insurance and reinsurance, and maritime law; the petroleum industry; banking and finance, including negotiation and restructuring of international loan agreements; European and U.S. anti-trust law; mining transactions; aircraft lease and sale transactions; and joint ventures, intellectual property; distribution and licensing, and other commercial agreements generally. Currently concentrates his practice on transactions involving Latin America and Spain.

Has participated as counsel and arbitrator in numerous substantial international commercial arbitrations, including as chairman of the panel and as sole arbitrator. These arbitrations have involved diverse subject-matter and legal issues, including: anti-trust; aviation; European Community law; intellectual property; telecommunications; reinsurance; and export laws. Has participated as arbitrator and as counsel in ICC arbitrations and has advised clients on the ICC Rules.

## ADDITIONAL INFORMATION

Has had many articles published in legal journals of the U.S. and U.K. on the investment, tax and securities laws of the U.S. and Latin America, including in the Law Society's Gazette, the New Law Journal, the University of Miami Inter-American Law Review, and the Columbia Journal of Transnational Law.

Has been a panelist in numerous conferences in the U.S. and Latin America on the trade laws of Latin America. He has twice been the principal speaker at conferences held in Bolivia on "securitization" of assets, once in La Paz under the auspices of the Bolivian Stock Exchange, and once in Santa Cruz under the auspices of the Chamber of Commerce of Santa Cruz.

Panelist in seminars on the Pinochet extradition case, New York City, September and October 1999.

Has given expert evidence on several occasions in court proceedings on the laws of Chile.

- Author of article, "Practical Aspects of Enforcement of Foreign Arbitral Awards in Latin America", Mealey's International Arbitration Report, Vol. 17 No. 11 (November 2002)

- Author of article, "Significant Recent Developments in U.S. Arbitration Law", Journal of International Arbitration, Vol. 19 No. 4 (August 2002)

- Co-author of article, "The Changing Face of International Arbitration", Journal of International Arbitration, Vol. 17 No. 4 (August 2000)

- Panelist in seminar on the enforcement of international arbitration awards, Santiago, Chile, August 2000

- Panelist in seminar on international arbitration and mediation, New York County Lawyers' Association, October 1999

- Panelist in seminar on international arbitration, *lex mercatoria* and foreign investment, Instituto de Estudios Internacionales, Santiago, Chile, August 1999

- Panelist in seminar on ICC arbitration, Boston, U.S.A., June 1999

## LANGUAGES

Languages in which I am able to conduct an arbitration proceeding, and to draft the award, without the assistance of an interpreter or translator:

English
Spanish

Other languages of which I have good knowledge:

Portuguese
French
German

Date: February 16, 2005        Signature: _____

4

# LAW OFFICE
## CARLOS J. BIANCHI

150 EAST 58TH STREET, 34TH FLOOR
NEW YORK, NEW YORK 10155
TEL: 212-355-3233
FAX: 212-317-2946

CBIANCHI@BIANCHIINTLAW.COM

October 11, 2005
VIA FACSIMILE
Ms. Erica Stein/ Ms. Sarah Grimmer
ICC International Court of Arbitration

                         Ref.: Taylors International Services Ltd. v.
                              Esso Exploration and Production Chad Inc.
                              Case no. 13 491/JNK/EBS

Dear Ms. Stein/ Ms. Grimmer:

I believe that, pursuant to Article 24(1) of the Rules of the Court, the time limit for rendering the Award in the above arbitration will expire on November 11, 2005.

As you are aware, the evidentiary hearings herein have been fixed for November 16-18, 2005. It will not be possible, therefore, to render an Award before the current due date under the Rules.

Therefore, pursuant to Article 24(2) of the Rules, I respectfully request that the Court grant a reasonable extension of the time limit.

Very truly yours,

Carlos J. Bianchi

cc. Counsel for the parties

## LAW OFFICE
## CARLOS J. BIANCHI

150 EAST 58TH STREET, 34TH FLOOR
NEW YORK, NEW YORK 10155
TEL: 212-355-3233
FAX: 212-317-2946

CBIANCHI@BIANCHIINTLAW.COM

February 8, 2006
VIA FACSIMILE
James Colvin, Esq.
DMH Stallard

Reagan M. Brown/ David J. Levy/ Charles Jason Rother, Esqs.
Fulbright & Jaworski LLP

> Ref.: Taylors International Services Ltd. v.
> Esso Exploration and Production Chad Inc.
> Case no. 13 491/JNK/EBS

Dear Sirs:

I attach a letter from the Secretariat, which indicates that the Court has granted an extension of the time limit for rendering the Final Award, until May 31, 2006.

Very truly yours,

Carlos J. Bianchi

cc. Ms. Erica Stein/ Ms. Sarah Grimmer

Case 4:04-cv-02483 Document 19-6 Filed in TXSD on 04/10/06 Page 17 of 18
02/08/2006 14:59 FAX 212 317 8628 BIANCHI LAW Received 02/08/2006 01:59PM in 00:32 on line [3] for CR09933 * Pg 3/3 ☒003/003
/2006 18:05 FAX ☒002/002



**International Chamber of Commerce**
*The world business organization*

### International Court of Arbitration • Cour internationale d'arbitrage

8 February 2006/sjg

13 491 JNK/EBS

TAYLORS INTERNATIONAL SERVICES LIMITED (Channel Islands) vs/ ESSO EXPLORATION AND PRODUCTION CHAD INC. (U.S.A.)

Counsel in charge of the file: Ms. Erica Stein (dir. tel: 33 1 49 53 28 32 - dir. fax: 33 1 49 53 57 80)

Carlos J. Bianchi, Esq.
LAW OFFICE OF CARLOS J. BIANCHI
150 East 58th Street, 34th Floor
New York, New York 10155
U.S.A.

*By mail and fax 00 1 212 317 2946*

Dear Sir,

The Secretariat informs you that, at its session of 2 February 2006, and pursuant to Article 24(2) of the Rules, the Court extended the time limit for rendering the Final Award until **31 May 2006**.

Yours sincerely,

Sarah Grimmer
Assistant Counsel
Secretariat
ICC International Court of Arbitration

Case 4:04-cv-02483 Document 19-6 Filed in TXSD on 04/10/06 Page 18 of 18
01/30/2006 12:24 FAX 212 317 8628    BIANCHI LAW
Received 01/30/2006 10:26AM in 00:50 on line [2] for CR09933 * Pg 2/2
☒ 002/002

# LAW OFFICE
## CARLOS J. BIANCHI

150 EAST 58™ STREET, 34™ FLOOR
NEW YORK, NEW YORK 10155
TEL: 212-355-3233
FAX: 212-317-2946

CBIANCHI@BIANCHINTLAW.COM

January 30, 2006
VIA FACSIMILE
James Colvin, Esq.
DMH Stallard

Reagan M. Brown/ David J. Levy/ Charles Jason Rother, Esqs.
Fulbright & Jaworski LLP

      Ref.: Taylors International Services Ltd. v.
      Esso Exploration and Production Chad Inc.
      Case no. 13 491/JNK/EBS

Dear Sirs:

I have received and reviewed the parties' Post-Hearing Memorials and Reply Memorials, as well as their respective Lists of Authorities.

I also acknowledge receipt of the correspondence between the parties, dated January 9 and 10, 2006, concerning invoices and amounts owed.

Pursuant to Article 22 of the 1998 Rules of Arbitration of the International Chamber of Commerce, I hereby declare the proceedings closed.

Pursuant to Article 22(2) of said Rules, I hereby indicate to the Secretariat that the draft Award will be submitted to the Court for approval on or before March 3, 2006. In accordance with said Article 22(2), this is provided as an approximate date.

In view of the above, by copy of this letter to the Secretariat, I respectfully request that the Court grant a reasonable extension of the time for rendering the Final Award, currently fixed for February 28, 2006.

        Very truly yours,

        Carlos J. Bianchi

cc. Ms. Erica Stein/ Ms. Sarah Grimmer