**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ESSO EXPLORATION AND | § | |
| PRODUCTION CHAD, INC., | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2483 |
| | § | |
| TAYLORS INTERNATIONAL | § | |
| SERVICES LTD., *et al.*, | § | |
|    Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Reopen Case and Enforce Arbitral Award [Doc. # 18] and Motion to Reconsider, to Sever and Transfer Venue [Doc. # 21] filed by Plaintiff Esso Exploration and Production Chad, Inc. ("Esso"). Also pending is the Motion to Transfer Case [Doc. # 26] filed by Defendant Taylors International Services Ltd. ("Taylors") in conjunction with its Opposition to Esso's Motion to Reinstate, Sever and Transfer Venue. Esso filed a Reply [Doc. # 25] to Taylors' opposition, and the pending motions are now ripe for decision.

The Court has carefully considered the parties' briefing, the full record in this case, and the limited applicable legal authorities. Esso and Taylors both move the Court to transfer to the United States District Court for the Southern District of New York Esso's claims against individual defendants H.N.A. "Sandy" Goodman and

Shabbir Ali, and the Court transfers those claims by agreement of the parties. The Court transfers the only remaining claim, Esso's Motion to Confirm Arbitral Award, pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest of justice, to the Southern District of New York where that claim could have been filed.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Esso and Taylors entered into a written contract for Taylors to provide catering services for Esso's facility in Chad. A dispute between the parties arose regarding the contract. Taylors claimed that Esso breached the contract, converted Taylors' property, and caused Taylors' employees to breach the fiduciary duty they owed to Taylors. Esso claimed that Taylors breached the contract and also breached the covenant of good faith and fair dealing.

Esso filed this lawsuit against Taylors and individual defendants Goodman and Ali. Taylors raised the existence of an arbitration agreement in the contract with Esso, and the Court stayed and administratively closed this case pending the arbitration. Because the arbitration would take place in New York and the contract provided that New York law would apply, the Court noted that post-arbitration proceedings should take place in New York.

Following the arbitration, which resulted in an award in favor of Esso against Taylors, Esso filed its Motion to Reopen and to Confirm Arbitral Award. Esso asks

the Court to sever its claims against the individual defendants, to transfer those severed claims to the United States District Court for the Southern District of New York, and to retain the Motion to Confirm Arbitral Award in this district.  Taylors asks the Court to transfer both the claims against the individual defendants and the Motion to Confirm Arbitral Award to New York.

## II.     ANALYSIS

### A.     Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The party moving to transfer venue under § 1404(a) has the burden of proving that venue should be transferred.  *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Goodman Co. v. A&H Supply, Inc.*, 396 F. Supp. 2d 766, 775 (S.D. Tex. 2005).

The "first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)).  Esso argues that this determination must be made as of the time the lawsuit was filed, citing *Hoffman v. Blaski*, 363 U.S. 335 (1960).

The Court must then consider a number of private and public concerns to decide whether the transferee district would be more convenient for the parties and witnesses and whether the interests of justice would best be served by transfer. *In re Volkswagen*, 371 F.3d at 203. "The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6 (1981)). "The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

### B.     Transfer of Claims Against Individual Defendants

Before the case was stayed pending arbitration, the individual defendants moved to dismiss for lack of personal jurisdiction. Esso and Taylors now agree that Esso's claims against the individual defendants should be transferred to the Southern District of New York, and the individual defendants have not filed any objection to transfer. Esso argues that, although the original lawsuit could not have been filed in the Southern District of New York, the claims against the individual defendants should be severed

and transferred. Taylors argues that the claims against Goodman and Ali should be transferred together with the Motion to Confirm Arbitral Award.

Whether or not the original lawsuit could have been filed in the Southern District of New York, the Fifth Circuit has clearly held that the *Hoffman* requirement that the determination of whether the case "might have been brought" in the transferee district does not apply to a case where both parties have "effectively consented to jurisdiction and venue in the transferee district." *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1150 (5th Cir. 1984), *overruled on other grounds*, *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987). Consequently, by agreement of the parties, the Court will transfer Esso's claims against the individual defendants to the United States District Court for the Southern District of New York.

## C.  Transfer of Motion to Confirm Arbitral Award

The dispute in this case is whether the Court should transfer Esso's Motion to Confirm Arbitral Award to the Southern District of New York. Esso argues that the case could not originally have been filed in that district and, therefore, this Court has no authority to transfer the case at this point. The parties cite no federal case law that directly addresses this specific issue, and the Court's research has revealed none.

The Court notes that the "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the ***claim*** could

have been filed." *In re Volkswagen*, 371 F.3d at 203 (emphasis added). In this case, the claim being considered for transfer is Esso's Motion to Confirm Arbitral Award, a claim not included in Esso's original complaint. Plaintiff's original claims against Taylors no longer exist; they have been replaced by Esso's Motion to Confirm Arbitral Award. Therefore, the fact that the original complaint could not have been filed in the Southern District of New York "became irrelevant" when the parties completed the arbitration process and Esso moved to confirm the arbitrator's award. *See Carver v. Knox County, Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989) (holding that inability to file original claim in transferee district "became irrelevant when the county defendants and the original plaintiff impleaded the state defendants, all of whom resided in the [transferee district]").

The Court concludes that the relevant "claim" for purposes of the § 1404(a) analysis is Esso's Motion to Confirm Arbitral Award – the claim being considered for transfer. It is clear that this Motion could have been filed in the Southern District of New York where the arbitration took place and where the arbitral award was issued. *See* 9 U.S.C. § 9; *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193, 198 (2000).

Having determined that the Motion to Confirm Arbitral Award "might have been brought" in the Southern District of New York, the Court considers the public and

private concerns relevant to the § 1404(a) analysis. The private concerns weigh in favor of transfer. The arbitration was conducted in New York and the proof would be located in that district. As a result, resolution of the Motion to Confirm Arbitral Award would be more simple, expeditious and inexpensive in New York.

The public concerns also weigh in favor of transfer. Most important for the § 1404(a) decision in this specific case, the courts in the Southern District of New York have greater familiarity with the law that will govern the case, and transfer will avoid any conflict of laws issues. Indeed, Taylors has advised that it intends to file a motion challenging the arbitral award and will oppose Esso's Motion to Confirm Arbitral Award, arguing in each that the arbitrator failed to follow New York law. The courts in the Southern District of New York will have greater familiarity and experience determining whether New York law was correctly applied by the arbitrator.

Because the Motion to Confirm Arbitral Award could have been filed in the United States District Court for the Southern District of New York, and because the convenience of the parties[1] and the interest of justice favor transfer, the Court will transfer the Motion to Confirm Arbitral Award to the Southern District of New York.

---

[1] Consideration of the Motion to Confirm Arbitral Award will not involve testimony from live witnesses.

This entire case will be transferred to the Southern District of New York. Whether Esso's claims against the individual defendants should be handled together with the Motion to Confirm Arbitral Award will be left to the discretion of the judges of the transferee court.

### III. <u>**CONCLUSION AND ORDER**</u>

Esso and Taylors have completed the arbitration of their dispute and, therefore, Esso's claims against Taylors are no longer in this lawsuit. Esso and Taylors agree that Esso's claims against the individual defendants should be transferred to New York. Consequently, the only remaining dispute is whether Esso's Motion to Confirm Arbitral Award should also be transferred. The Court concludes that the Motion to Confirm Arbitral Award could have been filed in the Southern District of New York because that is the district in which the arbitration occurred and the arbitral award was issued. Therefore, the Court has the ability to transfer the Motion to Confirm Arbitral Award for the convenience of the parties and in the interest of justice. Accordingly, for the reasons discussed herein, it is hereby

**ORDERED** that Esso's Motion to Reopen Case and Enforce Arbitral Award [Doc. # 18] is **GRANTED** as to the request to reopen the case, and the Motion to Enforce Arbitral Award is **TRANSFERRED** to the United States District Court for the Southern District of New York. It is further

**ORDERED** that Esso's Motion to Reconsider, to Sever and Transfer Venue [Doc. # 21] is **GRANTED** to the extent that Esso is not required to file a Motion to Transfer Venue and to the extent that Esso's claims against the individual defendants are **TRANSFERRED** to the United States District Court for the Southern District of New York.  It is further

**ORDERED** that Taylors' Motion to Transfer Case [Doc. # 26] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Southern District of New York.

The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **1st** day of **June, 2006**.

_____
Nancy F. Atlas
United States District Judge